1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RICHARD KEVIN HAMMERBECK,           No. 2:18-CV-2289-JAM-CMK

12                  Plaintiff,

13          vs.                            <u>FINDINGS AND RECOMMENDATIONS</u>

14    COUNTY OF SHASTA,

15                  Defendant.

16    _____/

17          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18    court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22    granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

23    provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and

26    1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff names as the sole defendant the County of Shasta. It appears that plaintiff's claims arise from difficulty he has had regarding confirmation of his citizenship status. Specifically, plaintiff claims that defendant's employees improperly changed documents he submitted attesting to his U.S. citizenship and that, as a result, he was denied certain benefits and that such denial violated his civil rights.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In this case, plaintiff alleges wrongdoing on the part of various unnamed county employees. As stated above, defendant County of Shasta cannot be held liable for the conduct of its employees. Rather, municipal liability must rest on implementation of a constitutionally deficient policy or custom. Because plaintiff here does not allege such a policy or custom, his

2

complaint should be dismissed.

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 30, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE