1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD KEVIN HAMMERBECK,              No. 2:18-CV-2289-JAM-DMC

12                    Plaintiff,

13           v.                             <u>ORDER</u>

14   COUNTY OF SHASTA,

15                    Defendant.

16

17                    Plaintiff, who is proceeding pro se, brings this civil action. Pending before the

18   court are plaintiff's objections (Doc. 8) to the court's August 30, 2018, findings and

19   recommendations that this action be dismissed for failure to state a claim upon which relief can

20   be granted. Upon further review of plaintiff's compliant in light of the additional allegations set

21   forth in plaintiff's objections, the court finds good cause to vacate the August 30, 2018, findings

22   and recommendations and provide plaintiff an opportunity to file a first amended complaint to

23   more clearly set forth his allegations of municipal liability against defendant County of Shasta.

24                    In filing a first amended complaint, plaintiff should keep the following principles

25   in mind. Municipalities and other local government units are among those "persons" to whom

26   § 1983 liability applies. See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). Counties

27   and municipal government officials are also "persons" for purposes of § 1983. <u>See id.</u> at 691; <u>see</u>

28   <u>also</u> <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government

                                                   1

unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

To meet this pleading standard, plaintiff is encouraged to include specific allegations concerning the nature and provisions of any policy, custom, or practice plaintiff attributed to defendant. Plaintiff should also explain how and to what extent any individuals engaged in conduct conforming to such alleged policy, custom, or practice of defendant County of Shasta.

Plaintiff is also informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

2

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on August 30, 2018, are vacated;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff shall file a first amended complaint within 30 days of the date of this order.


Dated: March 1, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE