# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KEVIN HAMMERBECK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA,<br><br>Defendant. | No. 2:18-CV-2289-JAM-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendant's unopposed motion to compel, ECF No. 32.

On June 20, 2020, Defendant served discovery on Plaintiff. To date, Plaintiff has not served responses or opposed Defendant's motion. Defendant seeks an order compelling Plaintiff to provide responses to requests for production, set one, requests for admissions, set one, and interrogatories, set one. Defendant also seeks an award of costs associated with its motion to compel.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

///

permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

1     The Court has reviewed Defendant's discovery requests, provided as exhibits to
2  the declaration of Gary Brickwood, Esq., filed in support of Defendant's motion, <u>see</u> ECF No. 32-
3  2, Exhibits 1, 2, and 3, and finds the discovery sought to be relevant.  Defendant has also
4  demonstrated which discovery requests are the subject of its motion and why Defendant believes
5  it is entitled to an order compelling responses, specifically Plaintiff's failure to serve responses at
6  all.  Finally, Defendant's counsel's declaration establishes reasonable costs associated with the
7  instant motion to compel.  Defendant's motion to compel will, therefore, be granted.  Plaintiff is
8  cautioned that failure to comply with this order may result, on properly noticed motion, and order
9  for terminating sanctions.
10     Accordingly, IT IS HEREBY ORDERED that:
11     1.    Defendant's unopposed motion to compel, ECF No. 32, is granted;
12     2.    Plaintiff shall serve responses to Defendant's interrogatories, set one,
13  requests for production, set one, and requests for admissions, set one, within 30 days of the date
14  of this order; and
15     3.    Plaintiff shall pay to Defendant reasonable costs in the amount of
16  $1,567.50 within 30 days of the date of this order.

Dated: December 22, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE