**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD KEVIN HAMMERBECK,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SHASTA,<br><br>  Defendant. | No.  2:18-CV-2289-JAM-DMC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court is Defendant's unopposed motion to dismiss.  See ECF No. 37.  Defendant seeks dismissal as an appropriate sanction for Plaintiff's failure to comply with the Court's December 22, 2020, order granting Defendant's motion to compel and ordering Plaintiff to provide discovery and pay reasonable expenses within 30 days.

On November 12, 2020, Defendant filed a motion to compel.  See ECF No. 32. Plaintiff did not file an opposition.  In granting the unopposed motion, the Court stated:

> The Court has reviewed Defendant's discovery requests, provided as exhibits to the declaration of Gary Brickwood, Esq., filed in support of Defendant's motion, see ECF No. 32-2, Exhibits 1, 2, and 3, and finds the discovery sought to be relevant. Defendant has also demonstrated which discovery requests are the subject of its motion and why Defendant believes it is entitled to an order compelling responses, specifically Plaintiff's failure to serve responses at all. Finally, Defendant's counsel's declaration establishes reasonable costs associated with the instant motion to compel. Defendant's motion to compel will,

therefore, be granted. Plaintiff is cautioned that failure to comply with this order may result, on properly noticed motion, and order for terminating sanctions.

ECF No. 36, pg. 3.

Plaintiff was ordered to serve responses to Defendant's interrogatories, set one, requests for production, set one, and requests for admissions, set one, within 30 days of the date of the Court's order, which was issued on December 22, 2020. See id. Plaintiff was also directed to pay Defendant reasonable costs in the amount of $1,567.50, also within 30 days of the date of the order. See id. In its current motion to dismiss, Defendant states that, to date, and despite its attempts to meet and confer following issuance of the December 22, 2020, order, Plaintiff has not complied with the Court's order. See ECF No. 37-1, pgs. 3-4. Plaintiff has not filed an opposition to Defendant's current motion to dismiss.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Here, the Court finds terminating sanctions to be appropriate. Plaintiff's discovery abuse in this case appears to be willful. First, he failed to provide responses when discovery was served on him. Second, he failed to file any opposition to Defendant's motion to compel. Third, he has failed to comply with the Court's December 22, 2020, order. Fourth, Plaintiff did not respond to Defendant's meet-and-confer efforts following issuance of the December 22, 2020, order. Fifth, Plaintiff has not filed an opposition to the current motion to dismiss. Plaintiff's willful failure to provide discovery or otherwise cooperate in the discovery process frustrates the public's interest in expeditious resolution of this matter on the merits and the Court's need to manage its docket by moving cases towards resolution. Plaintiff's conduct also prejudices Defendant's ability to defend against Plaintiff's claims in this case. Finally, there does not appear any less drastic option to secure Plaintiff's compliance and cooperation.

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss, ECF No. 37, be granted and that Plaintiff's motion, ECF No. 33, seeking unspecified relief be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE